**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| STEVEN N. SCULLY, | : | |
| Plaintiff, | : | Civil Action No. 15-6100 (JMV) |
| | : | |
| v. | : | |
| | : | |
| CITY OF JERSEY CITY POLICE | : | OPINION AND ORDER |
| DEPARTMENT et al, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Steven Scully

("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). [Dkt. No.

23]. For the reasons set forth below, Plaintiff's Motion is **DENIED.**

Plaintiff filed his Complaint on May 6, 2015, initiating a civil rights action against

Defendants City of Jersey City Police Department, City of Jersey City, Police Officer J. K.

Boamah, Police Officer J. Mitchell, Police Officer A. Scally, John and Jane Does 1 thru 5, and

John and Jane Does 6 thru 10 ("Defendants"). [*See* Notice of Removal, Ex. 1, Dkt. No. 1]. On

February 16, 2017, Plaintiff filed the present Motion before the Court. [Dkt. No. 23]. Defendants

filed a brief in opposition to Plaintiff's Motion on May 11, 2017, claiming that Plaintiff does not

have a constitutional right to counsel and that he will not be prejudiced if the Court denies his

Motion. [Dkt. No. 25].

**A. Legal Standard**

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides

that "[t]he court may request an attorney to represent any person unable to afford counsel." The

appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v.*

*Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a

two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses; and
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

## B. Application of the *Tabron* Factors

### 1. Threshold Analysis of Merit in Fact and Law

Presently, as an initial matter and regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved

summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

### 2. Application of the *Tabron* post-threshold factors

The first factor for consideration regarding Plaintiff's request for *pro bono* counsel is his ability to present his own case. *Montgomery*, 294 F.3d at 501. Various factors play a role in this analysis, including the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English. *Id*. Additionally, courts should examine whether plaintiff has access to "necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459.

Here, Plaintiff argues that counsel should be appointed because he will be disadvantaged due to his inability to present the facts and legal issues of his case. While Plaintiff may lack legal training, his filings with the Court thus far reflect literacy, and the ability to understand court rules and procedures. To date, without the assistance of counsel, Plaintiff filed the present Motion, timely responded to Defendant's opposition with the appropriate supporting documents, and has even been present to multiple conferences as ordered by the Court. Plaintiff's filings and actions demonstrate his ability to present his case. Therefore, the first factor weighs against the appointment of counsel.

The second factor is the complexity of legal issues presented. The Third Circuit has stated that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at

156. In the instant case, Plaintiff's factual claims are easy to understand, and the legal issues involved are straightforward. Thus, this factor weighs against appointment of counsel.

The third factor for consideration is the degree to which factual investigation will be necessary and the ability of Plaintiff to pursue such investigation. Currently, written discovery has been completed, and only party depositions remain outstanding. Nothing in the record indicates that Plaintiff is unable to complete discovery. Therefore, the third factor weighs against appointment of counsel.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Under this factor, the Court should consider whether the case is largely based on the word of one side against the word of the other side. *Parham*, 126 F.3d at 460. At this early stage of the litigation, it is clear that this case is likely to become a case that rests on credibility determinations because it is Plaintiff's word against Defendant's word. Accordingly, this factor weighs in favor of appointment of counsel.

The fifth factor for consideration is whether the case will require the testimony of expert witnesses. Appointment of counsel may be warranted where the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 156. At this stage of litigation, it is premature for the Court to weigh this factors.

The sixth factor for consideration is whether Plaintiff can attain and afford counsel on his own behalf. Here, Plaintiff retained counsel and was represented in the initial stages of this litigation. Ultimately counsel filed a motion to withdraw and it was granted. [*See* Dkt. No. 17]. Plaintiff now claims that he lacks the financial resources to retain an attorney. However, Plaintiff has not presented any evidence to support his claim.

Additionally, Plaintiff has described several attempts to attain counsel on his own. Plaintiff's unsuccessful efforts include: 1) contacting the ACLU; 2) contacting the Veterans Legal Services; and 3) contacting several attorneys who ultimately decided they did not want to take the case. [*See* Dkt. No. 27]. Thus, Plaintiff certainly made efforts to obtain counsel on his own behalf. Since more efforts can be made, this factor, at present, weighs against appointment of counsel.

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor the considerations raised by Plaintiff's Motion throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 22nd day of August, 2017,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 23] is **DENIED WITHOUT PREJUDICE**.


  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**